J-S67011-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
               Appellee :
:
               v. :
:
RICKY ALONZO JOHNSON, :
:
               Appellant : No. 169 WDA 2014

Appeal from the PCRA Order December 4, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0011960-2004

BEFORE:  DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:        **FILED NOVEMBER 12, 2014**

Ricky Alonzo Johnson ("Johnson") appeals from the order of court dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 – 9546.  We affirm.

In December 2006, Johnson was convicted of criminal attempt, aggravated assault and recklessly endangering another person and subsequently sentenced to 17½ to 35 years of imprisonment.  This Court affirmed his judgment of sentence of February 2, 2009, and Johnson did not seek further review.  On June 17, 2010, Johnson filed his first PCRA petition. Although counsel was appointed to represent Johnson, counsel filed a ***Turner/Finley*** petition averring that there was no merit to the issues Johnson sought to raise and seeking to withdraw.  The PCRA court granted counsel's petition and ultimately dismissed Johnson's PCRA petition.  This

_____

*Former Justice specially assigned to the Superior Court.

Court affirmed the dismissal of Johnson's first PCRA petition, and the Pennsylvania Supreme Court denied Johnson's petition for allowance of appeal.

On July 8, 2013, Johnson filed his second PCRA petition, which is at issue in this appeal.[1] The trial court entered its notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 indicating that Johnson's petition was untimely and not subject to any exception to the PCRA's timeliness requirements. Johnson filed a response to the Rule 907 notice, but the PCRA court dismissed his petition on December 4, 2013. This timely appeal followed.

On appeal, Johnson raises two claims of ineffective assistance of trial counsel. Appellant's Brief at V. Before we address them, however, we must consider whether Johnson's PCRA petition was timely because "[t]he PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed." **Commonwealth v. Copenhefer**, 941 A.2d 646, 648-49 (Pa. 2007).

The PCRA provides in relevant part as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in

---

[1] Johnson filed this petition *pro se* and is acting *pro se* on appeal.

> violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Johnson's judgment of sentence became final on March 4, 2009, the last day of the period in which he could have sought review of this Court's determination with the Supreme Court of Pennsylvania. ***See Commonwealth v. Rojas***, 874 A.2d 638, 643 (Pa. Super. 2005). As Johnson did not file his second PCRA petition until July 8, 2013, it is patently untimely and jurisdictionally time-barred unless Johnson proves one of the § 9545(b)(1) exceptions.

Johnson argues that the timeliness exceptions codified at § 9545(b)(1)(i) and (ii) apply. With regard to § 9545(b)(1)(i), Johnson contends that the ineffectiveness of his trial counsel was evident at trial, and the prosecutor, as a government official "interfered" when he did not move

for a mistrial on Johnson's behalf. Appellant's Brief at 20. However, for the exception set forth in § 9545(b)(i) to apply, the petitioner must prove that "***the failure to raise the claim*** previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i). Johnson does not allege that government officials interfered with his ability to raise this claim previously; rather, he contends only that the government interfered with his due process rights by not acting on his behalf at trial. Accordingly, he has failed to prove that this timeliness exception applies.

Next, Johnson argues that the "after-discovered evidence" exception found in § 9545(b)(1)(ii) applies because on May 8, 2013, he became aware that his appellate counsel was disbarred in March 2009, shortly after his direct appeal was decided. He further contends that he filed his petition within 60 days of discovering this fact, thereby satisfying § 9545(b)(2).[2] Johnson is mistaken. Proof of appellate counsel's disbarment was available to the public on March 29, 2009; accordingly, the 60 days for purposes of § 9545(b)(2) began to run on that date. ***See Commonwealth v. Feliciano***, 69 A.3d 1270 (Pa. Super. 2013) (providing that where

---

[2] In support of his claim, Johnson attached to his PCRA petition an order from the Office of Disciplinary Counsel providing that Arthur L. Bloom, Johnson's counsel for direct appeal, was disbarred on March 23, 2009. ***See*** PCRA Petition, 7/8/13, at Exhibit A-1.

information regarding the suspension of counsel's professional license was in the public record for more than 60 days prior to filing of PCRA petition, the petition is time-barred regardless of when petitioner allegedly became aware of the information). Johnson did not file this PCRA petition until more than four years after the fact of appellate counsel's disbarment became public; therefore, he has failed to fulfill the requirements of § 9545(b)(2) with regard to this claim.

Having found that Johnson's PCRA petition is untimely and therefore jurisdictionally time-barred, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2014